RECEIVED
APR 28 2004
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MAVERICK RECORDING COMPANY, a California joint venture; UMG RECORDINGS, INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; MOTOWN RECORD COMPANY, L.P., a California limited partnership; ATLANTIC RECORDING CORPORATION, a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; BMG MUSIC, a New York general partnership; and SONY MUSIC ENTERTAINMENT INC., a Delaware corporation,

Plaintiffs,

vs.

DOES 1 - 2,

Defendants.

CA 04 149 ML

Civil No.

**ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**

Upon the *Ex Parte* Application of Plaintiffs for Leave to Take Immediate Discovery and the supporting Memorandum of Law, the declaration of Jonathan Whitehead and the exhibit thereto, and Plaintiffs' Request for Judicial Notice it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Brown University to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: April 28, 2004

Mary M. Lisi
United States District Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

MAY 21 2007

| | | |
|---|---|---|
| **MAVERICK RECORDING COMPANY, et al.,** | ) | |
| **Plaintiffs** | ) | |
| v. | ) | **Civil No. 07-91-P-H** |
| **DOES 1-5,** | ) | |
| **Defendants** | ) | |

**ORDER RE: EXPEDITED DISCOVERY**

On May 17, 2007, a Complaint seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*., together with an *Ex Parte* Motion for Leave to Take Immediate Discovery, were filed. The plaintiffs' Motion is hereby **GRANTED,** subject to the following limitations:

1. The plaintiffs may take immediate discovery on Bates College to obtain the identity of each Doe defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including name, address, telephone number, e-mail address, and Media Access Control addresses for each Doe defendant. No further information about the Doe defendants shall be revealed.

2. The plaintiffs may use the information obtained by this Rule 45 subpoena solely for the purpose of protecting plaintiffs' rights under the Copyright Act.

3. The plaintiffs shall attach the Court-Directed Notice Regarding Issuance of Subpoena, a copy of which is attached to this Order, to their Rule 45 subpoena. The Rule 45 subpoena shall instruct Bates College to distribute a copy of the Notice to each Doe defendant within seven days of service of the subpoena.[1]

4. The Rule 45 subpoena shall also instruct Bates College not to respond to the subpoena until fourteen days after each Doe defendant has received the Notice.

5. Any future notices to any defendant in this case or any related case filed in the District of Maine must be pre-approved by the court and filed on the record.

***So Ordered.***

Dated May 18, 2007

/s/ David M. Cohen
David M. Cohen
U.S. Magistrate Judge

[1] See UMG Recordings, Inc. v. Does 1-4, No. 06-0652 SBA, 2006 U.S.Dist. LEXIS 32821, 2006 WL 1343597, 64 Fed. R. Serv. 3d 305 (N.D. Ca. Mar. 6, 2006) (Chen, USMJ) (finding it unnecessary to decide whether the Cable Communications Policy Act is applicable to this situation, but determining that such notice complies with 47 U.S.C. § 551(c)(2)(C)(i) and that, in any event, such notice is required in the interest of fairness and pursuant to the provisions of Rule 45 (c)(3)(A)(iii) and (iv).)

**COURT-DIRECTED NOTICE
REGARDING ISSUANCE OF SUBPOENA**

A subpoena has been issued directing the college or university (Bates College) that serves as your Internet Service Provider ("ISP") to disclose your name and contact information. The subpoena has been issued because you have been sued in the United States District Court for the District of Maine in Portland, Maine as a "John Doe" by several major record companies. You have been sued for infringing copyrights on the Internet by uploading and/or downloading music. The record companies have identified you only as a "Doe" and have served a subpoena on your ISP to learn your identity. This notice is intended to inform you of some of your rights and options.

**YOUR NAME HAS NOT YET BEEN DISCLOSED.
YOUR NAME WILL BE DISCLOSED IN 14 DAYS IF YOU DO NOT CHALLENGE THE SUBPOENA.**

Your name has not yet been disclosed. The record companies have given the court enough information about your alleged infringement to obtain a subpoena to identify you, but the court has not yet decided whether you are liable for infringement. Such a determination would be made only after you have been served and had a full opportunity to challenge the entire lawsuit. At this stage of the proceeding you can challenge the subpoena in court. You have 14 days from the date that you received this notice to file a motion to quash or vacate the subpoena. If you file a motion to quash the subpoena, your identity will not be disclosed to the record companies until the motion is resolved (and the companies cannot proceed against you until you are identified). If you do not file a motion to quash, then at the end of the 14 day period, your ISP will send the record company plaintiffs your identification information.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **LONDON-SIRE RECORDS INC., et al., Plaintiffs,** | |
| **v.** | **C.A. No. 04-12434-NG** **LEAD DOCKET NUMBER** |
| **DOES 1-4, Defendants.** | |

**GERTNER, D.J.:**

**ORDER RE: EXPEDITED DISCOVERY**
June 20, 2005

On April 20, 2005, and June 1, 2005, the Court consolidated twenty-three cases under the above captioned lead case. As a result of the consolidation, thirteen motions for leave to take immediate discovery were left pending.[1] Plaintiffs have now renewed those motions by way of a single motion filed under the lead case, Plaintiffs' Renewed Motion for Leave to Take Immediate Discovery [document #27]. Plaintiffs' renewed motion is hereby

---

[1] The following are the motions left pending in the consolidated cases:
(1) Capitol Records, Inc., et al. v. Does 1-2, C.A. 05-10565 [document #2];
(2) Virgin Records America, Inc., et al. v. John Doe, C.A. 05-10566 [document #2];
(3) Sony BMG Music Entertainment, et al. v. John Doe, C.A. 05-10567 [document #2];
(4) Atlantic Recording Corp., et al. v. Does 1-3, C.A. 05-10568 [document #2];
(5) Interscope Records, et al. v. John Doe, C.A. 05-10569 [document #2];
(6) Capitol Records, Inc., et al. v. Does 1-11, C.A. 05-10731 [document #2];
(7) Motown Record Co., et al. v. Does 1-22, C.A. 05-10732 [document #2];
(8) Atlantic Recording Corp., et al. v. Does 1-25, C.A. 05-10733 [document #2];
(9) London-Sire Records Inc., et al. v. Does 1-25, C.A. 05-10734 [document #2];
(10) Sony BMG Music Entertainment, et al. v. Does 1-2, C.A. 05-11099 [document #4];
(11) Motown Record Co., et al. v. Does 1-6, C.A. 05-11100 [document #4];
(12) Artista Records LLC, et al. v. Does 1-8, C.A. 05-11101 [document #4]; and
(13) Elektra Entertainment Group Inc., et al. v. John Doe, C.A. 05-11102 [document #4].

**GRANTED** with respect only to the thirteen discovery motions left pending in the consolidated cases.

It is further **ORDERED** as follows:

1. Plaintiffs may take immediate discovery of Assumption College, Boston University, Brandeis University, Harvard University, the Massachusetts Institute of Technology, Suffolk University, Tufts University, and the University of Massachusetts-Amherst to obtain the identity of each Doe defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe defendant, including name, address, telephone number, e-mail address, and Media Access Control addresses for each Doe defendant. No further information about the Doe defendants shall be revealed;
2. Plaintiffs may use the information obtained by this Rule 45 subpoena solely for the purpose of protecting plaintiffs' rights under the Copyright Act;
3. Plaintiffs shall attach the Court Directed Notice Regarding Issuance of Subpoena, a copy of which is attached to this Order, to their Rule 45 subpoena. The Rule 45 subpoena shall instruct the college or university to distribute a copy of the Notice to each Doe defendant within seven days of service of the subpoena.

4. The Rule 45 subpoena shall also instruct the college or university not to respond to the subpoena until fourteen days after each Doe defendant has received the Notice.

5. Any future notices to any defendant in this case or any related case filed in the District of Massachusetts must be pre-approved by the Court and filed on the record.

**SO ORDERED.**

**Dated: June 20, 2005** **s/ NANCY GERTNER U.S.D.J.**

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

MOTOWN RECORD COMPANY, L.P., a California limited partnership; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and WARNER BROS. RECORDS INC., a Delaware Corporation

v. Case No. 05-cv-181-JM

JOHN DOE

ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, the annexed Declaration of Steven E. Cole, Esq. , the annexed Declaration of Jonathan Whitehead and the exhibit thereto, and the accompanying Memorandum of Law, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on University of New Hampshire to obtain the identity of Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs rights under the Copyright Act.

Dated: June 8, 2005

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge